IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAPHAEL DWIGHT HUNDLEY, | : | CIVIL ACTION NO. **1:CV-13-0750** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

## I.   BACKGROUND.

On March 22, 2013, Plaintiff Rafael Hundley, an inmate at FCI-Allenwood, White Deer, PA, filed, *pro se*, this instant claim against Defendant the United States under the Federal Tort Claims Act ("FTCA"), 28  U.S.C. § 2675, *et seq*, with exhibits attached.  (Doc. 1).[1]  Plaintiff requested a Jury Trial on the face his Complaint, Doc. 1, p.1, but he is not entitled to a jury trial in an FTCA action.  *See* 28 U.S.C. §2402.  Plaintiff also filed an Affidavit with his Complaint. (Doc. 2).  On March 25, 2013, the court issued a 30-day Administrative Order directing Plaintiff to pay the appropriate filing fee or to file an Application to Proceed *in forma pauperis* within 30 days.  (Doc. 5).  On March 28, 2013, Plaintiff paid the filing fee, and a summons was issued to Defendant on April 8, 2013.  (Doc. 7).

Subsequently, on June 17, 2013, Defendant filed a Motion to Dismiss or Motion for Summary Judgment, along with a Brief in Support and a Statement of Facts.  (**Docs. 10-12**).  On

---

[1]We note that Plaintiff has also filed a corresponding petition for habeas relief pursuant to 28 U.S.C. § 2241.  *See* Docket No. 1:12-cv-0790.  On April 22, 2013, we issued a Report and Recommendation denying Petitioner's Habeas Petition.  (*Id.*, Doc. 25).  On July 11, 2013, the Court adopted our Report and Recommendation.  (*Id.*, Doc. 33).

July 9, 2013, Plaintiff filed a Brief in Opposition to Defendant's Motion.  (Doc. 14).  Further, on July 24, 2013, Plaintiff filed a Motion for Extension of Time to Respond to Defendant's Motion, and on July 25, 2013, we issued an Order granting that extension of time.  (Docs. 15-16).  On August 6, 2013, Plaintiff filed his Brief in Opposition and Affidavit in Support of same, and as such, Defendant's motion is now ripe for review.

Additionally, on October 15, 2013, Plaintiff filed a Brief in Support of Request for Compassionate Release and/or Reduction in Sentence.[2]  (Doc. 19).  On November 1, 2013, Defendant filed a Brief in Opposition to Plaintiff's Motion for Compassionate Release.  (Doc. 20).  On November 19, 2013, Plaintiff filed a Traverse.  (Doc. 21).  On January 10, 2014, Defendant filed a Motion for Leave to File a Corrected Brief and Brief in support of same. (Docs. 22-23).  On January 13, 2014, Defendant filed a second Brief in support of same.  (Doc. 24).  On January 17, 2014, we granted Defendant's Motion for Leave to File a Corrected Brief. (Doc. 25).  On February 7, 2014, Plaintiff filed an "Emergency Motion To Extend Time For Filing Due To Intervening Change In Direct Review Appellate Rule, Or Alternate Grant of Nolle Prosequi/Restitution Order Consolidation To July 22, 2013 Tacit Approval of Plaintiff's Request For Compassionate Release/Reduction Of Sentence. (Doc. 21) 18 U.S.C. §3582(c)(1)(A)."  (**Doc. 26**).

---

[2]Plaintiff did not file a Motion for Compassionate Release and/or Reduction in Sentence with his Brief.  (*See* Docket).

## II.    ALLEGATIONS OF COMPLAINT

In his Complaint, Plaintiff essentially states two causes of action, arising from the medical treatment he received while incarcerated since 1994.  He begins his Complaint with a lengthy description of his arrest and detention, which he describes as fraudulent and illegal.  (Doc. 1, p. 2-4).  Plaintiff does not appear, however, to be alleging any claims in regard to these facts.  (Id., p. 2-4).

In Count I, Plaintiff states a claim for "Medical Negligence/ Deliberate Indifference to Medical Needs and Risk of Harm/ Civil Conspiracy."  (Id. at p. 5).  Plaintiff avers that he suffers from "Morgellons Disease," which is a widely-disputed psychological disorder in which a patient may manifest physical symptoms of a parasitic infection.  Plaintiff broadly alleges that beginning on or around October 24, 2009, various staff members at FCI-Allenwood began denying him medical treatment and conspired both to deny him treatment and to cover up the existence of his disease by "removing evidence of Plaintiff's Morgellon's symptoms complaints and references thereto in every BOP prison from (1996 to 1998) FCI Memphis to (2006-2009) U.S.P. Canaan..." (Id. at p. 5).  Plaintiff states that he received carpal tunnel surgery on his left wrist on June 29, 2012, but contends that the surgery was used as part of the conspiracy, to cover up his Morgellons Disease, "so that patient-plaintiff appears more healthy than he is." (Id. at p. 6).  Plaintiff states further that, as a result of this negligence and failure to treat, he suffered: a parasitic infection/infestation of his left eye, spreading to his right eye, ear canal, and throat; was at "greater risk of post-surgical seizures, lack of dexterity, no halt to atrophy, no muscle regrowth and thumb desensitized tactile motion," as a result of the carpal tunnel surgery; a

wandering left eye with a slight bulbous disfigurement and permanent visual damage; a heart attack/ pulmonary embolism myocardial infarction on March 29, 2011; lung disease, a "blood infestation", and a MRSA infection; and, lastly, liver cirrhosis, along with loss of kidney and other organ function.  (<u>Id.</u> at p. 4).

In Count II of his Complaint, Plaintiff asserts a claim of conspiracy.  Plaintiff describes an elaborate conspiracy, spanning over twenty years, in which he was falsely charged, arrested, wrongly prosecuted, convicted, and falsely imprisoned by the employees of several organizations, namely the FBI, Parole Commission, and the U.S. Attorney's Office.  (<u>Id.</u> at p. 7-9).  Furthermore, Plaintiff alleges that the prison staff engaged in a conspiracy to kill him while incarcerated at FCI-Allenwood by covering up the existence of his Morgellons Disease and intentionally denying him medical care.  He states, " FCI employees maintained an agreed-upon silence, attempting to cover-up and/or downplay their negligent 17 year failure to provide Oncological diagnostic Hematology tests...leading to discovery of the Morgellons parasitic disease presence and effect on Plaintiff's irreversible organ damage."  (<u>Id.</u> at p. 10).  As a result of this conspiracy, Plaintiff claims that he has suffered a loss of organ function, that he has contracted Hepatitis C, and that he was forced to undergo unnecessary wrist surgery, which left him "disabled, unemployed, and disfigured."  (<u>Id.</u>).

As evidence, Plaintiff submits a variety of exhibits, ranging from his denied administrative tort claim, to court documents from his original conviction over twenty years ago.

As relief for these counts, Plaintiff requests only that he be awarded monetary damages no less than $10, 052, 225.00

III.     **STANDARDS OF REVIEW.**

A.     *MOTION TO DISMISS*

In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-44 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard
> applicable to a motion to dismiss in light of the United States Supreme Court's
> decisions *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167
> L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, [556 U.S. 662], 129 S.Ct. 1937, 173
> L.Ed.2d 868 (2009).
>
> > "[T]o survive a motion to dismiss, a complaint must contain
> > sufficient factual matter, accepted as true to 'state a claim that relief
> > is plausible on its fact.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*,
> > 550 U.S. at 570, 127 S.Ct. 1955). The Court emphasized that "only
> > a complaint that states a plausible claim for relief survives a motion
> > to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining
> > whether a complaint states a plausible claim for relief will ... be a
> > context-specific task that requires the reviewing court to draw on its
> > judicial experience and common sense." *Id.* (citation omitted).
>
> *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009). The Circuit Court
> discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for
> district courts presented with a motion to dismiss for failure to state a claim in a
> case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203
> (3d Cir. 2009).
>
> > [D]istrict courts should conduct a two-part analysis. First, the factual
> > and legal elements of a claim should be separated. The District
> > Court must accept all of the complaint's well-pleaded facts as true,
> > but may disregard any legal conclusions. [*Iqbal*, 129 S.Ct. At 1949.]
> > Second, a District Court must then determined whether the facts
> > alleged in the complaint are sufficient to show that the plaintiff has
> > a "plausible claim for relief." *Id.* at 1950. In other words, a
> > complaint must do more than allege a plaintiff's entitlement to
> > relief. A complaint has to "show" such an entitlement with its facts.

5

> *See Phillips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir. 2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. At 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Third Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009)(quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955) (not precedential).

**B.     *MOTION FOR SUMMARY JUDGMENT STANDARD***

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56.  The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact.  Fed.R.Civ.P. 56(c).  An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A fact is "material" if proof of its existence or non-existence could affect the outcome of the action pursuant to the governing law.  *Anderson*,  477

U.S. at 248.  "Facts that could alter the outcome are material facts."  *Charlton v. Aramus Bd. of Educ.*, 25 F. 3d 194, 197 (3d Cir.), *cert. denied*, 513 U.S. 1022 (1994). The burden of proving that there is no genuine issue of material fact is initially upon the movant.  *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983).  Upon such a showing, the burden shifts to the nonmoving party.  *Id*.  The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).

        In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party.  *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988).  In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor.  *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

        Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 241 Fed. Appx. 868 (3d Cir. 2007)(Non-Precedential)(citation omitted). Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. General Motors*, No. 08-2540, slip op. at 2 (3d Cir. Feb. 3, 2009)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90. "Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

### C.  FTCA STANDARD

Plaintiff names the United States as the sole  Defendant in his Complaint with respect to his  negligence claims under the FTCA, 28 U.S.C. §2675, *et seq*.  As Plaintiff correctly recognizes, only the United States is the proper Defendant in an FTCA action. Additionally, Plaintiff can assert all of his negligence claims against only the United States through the FTCA.  *See Thomas v. U.S.*, 558 F.Supp. 2d 553, 554 (M.D. Pa. 2008)*;*

*Woods v. Federal Bureau of Prisons*, No. 3:CV-11-1919, slip op. (M.D. Pa. Nov. 22, 2011). Thus, the United States is the only proper Defendant in a FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *See Braget v. U.S. Bureau of Prisons,* No. 1:CV-11-2123, slip op. at *6 (M.D. Pa. Dec. 28, 2011). The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675(a). According to the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Thus, a private Plaintiff may not sue the United States under the FTCA without first having filed a claim with the appropriate responsible federal agency. *Id.*; *see Albani v. U.S.*, No. 09-4790, slip op. at *6 (E.D. Pa. June 9, 2010).[3]

---

[3]Plaintiff states in his Complaint that he exhausted his administrative remedy by filing a tort claim with the BOP as required under the FTCA. (Doc. 1, p. 2). Defendant admits that Plaintiff filed a tort claim raising the issue of improper medical care for his back pain and loss of wages from work, and that Plaintiff's tort claim was finally denied by the BOP on January 24, 2012. (Doc. 18, p. 10). Plaintiff is correct that he then filed his instant Complaint in federal court (July 13, 2012) within six months after the BOP's final denial of his tort claim. (Doc. 1).

Further, neither a federal agency nor the individual employees of the BOP are proper Defendants with respect to Plaintiff's negligence claims under the FTCA. *See Thomas v. U.S.*, 558 F.Supp. 2d at 554.   Additionally, the United States is generally immune for intentional torts. *See* 28 U.S.C. §2680(h).

## IV.   STATEMENT OF MATERIAL FACTS

We note that Defendant properly filed its SMF with citation to the evidence (Doc. 12), as required by Local Rule 56.1, M.D. Pa., which support its position that Plaintiff did not exhaust his administrative remedies before filing his Complaint in federal court.  Also, Defendant submitted Exhibits with its SMF to support each one of its contentions.  (Doc. 12, Ex.'s 1-2, Attach. A-D).  Plaintiff, however, filed Plaintiff's Response to Defendant's Brief and Statement of Material Facts in Support of Motion to Dismiss and Summary Judgment, but did not include " a separate, short and concise statement of material facts, responding to the numbered paragraphs set forth in the statement..." as required by Local Rule 56.1, M.D. Pa.

Since Defendant has properly filed its SMF in support of its Summary Judgment Motion (Doc. 12), as required by Local Rule 56.1 of M.D. Pa., and its facts are all properly supported by its evidence, and since Plaintiff failed to properly respond to Defendant's SMF, we shall deem as admitted all of Defendant's facts contained in their SMF. *See Carpenter v. Kloptoski*, No. 1:08-CV-2233, slip op. at *1 (M.D. Pa. March 16, 2012)("Because Plaintiff [a pro se inmate in a §1983 civil rights action] has failed to file a separate statement of material facts controverting the statement filed by Defendant, all

material facts set forth in Defendant's statement [] will be deemed admitted."). Further, none of Defendant's facts in its SMF are properly disputed by Plaintiff with citation to evidence. Thus, we find that Plaintiff has not properly responded to Defendant's SMF as required by Local Rule 56.1, M.D. Pa. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa. Plaintiff did file a Brief in Opposition to Defendant's Motion, however, as stated, he did not dispute the Defendant's SMF. Regardless of Plaintiff's failure to properly respond to Defendants' statement of facts, we accept Defendants' statement of facts since they are all supported by evidence.

Defendant, in its undisputed SMF, asserts the following. The Bureau of Prisons ("BOP") has an administrative tort claim process, whereby inmates seek redress from their tort claims with the United States government. The BOP maintains a computerized index of all those filed grievances. (Doc. 12, ¶'s 1-2). A search of that index revealed only one administrative tort claim filed by Plaintiff, on April 23, 2012. (Id. at ¶ 3). That claim concerned an injury Plaintiff allegedly sustained when he tripped on a raised slab of concrete at USP-Canaan on December 10, 2007. (Id. at ¶ 4-5). On September 14, 2012, the BOP Northeast Regional Office denied that claim, because the FTCA mandates all claims must be brought within two years of the date of their initial occurrence. (Id. at ¶ 8). Further, that denial stated "if dissatisfied with this decision, you may bring an action against the United States ... within six months of the date of this memorandum," which would be March 14, 2012. (Id. at ¶ 9). Plaintiff's instant

Complaint was filed on March 15, 2012, one day after the six month window to file.  (Id. at ¶ 10).

The U.S. Parole Commission ("USPC") also maintains a paper index of all administrative tort claims filed within the previous four years.  (Id. at ¶ 13-14).  A search of that system revealed that Plaintiff had not filed any administrative tort claims with the USPC in the last four years.  (Id. at ¶ 16).

## V.    DISCUSSION.

### 1.    *Failure to Exhaust*

Defendant argues initially that Plaintiff failed to exhaust his administrative tort claim remedies.  Plaintiff does not respond to Defendant's contention except to say that he has not failed to exhaust his administrative remedies, however he does not provide any evidence to support his response.  (Doc. 17, p. 2).  As mentioned, under the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  Thus, Plaintiff may not sue the United States  under the FTCA without first having filed a tort claim with the BOP.  *See Albani, supra.*

Since Defendant's undisputed evidence shows that Plaintiff failed to file administrative tort remedies in regard to his instant claims, we find that this federal court lacks jurisdiction over his Complaint.  *See* 28 U.S.C. §2675(a).  Defendant's Exhibit 1, the

affidavit of Krista Klett, establishes that Plaintiff did not exhaust available remedies. Further, Defendant submits, as Attach B, Plaintiff's only recorded administrative tort claim, which relates to a trip and fall he suffered in 2007, and is no way connected to the injuries claimed in his instant Complaint, and, as Attach D, the BOP's response, denying that claim as time-barred.   In fact, Plaintiff also submits his administrative tort claim as evidence, serving only to highlight the fact that he has not exhausted his remedies with respect to his instant claims.  (Doc. 1, p. 13).

The Court in *Banks v. Roberts*, 251 Fed. Appx. 774 (3d Cir. 2007)(Non-Precedential), stated:

> The FTCA waives the sovereign immunity of the United States
> for torts of federal employees acting within the scope of their
> employment" under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred."  28 U.S.C.
> § 1346(b)(1).  The FTCA contains a jurisdictional bar that requires a
> plaintiff to file his or her claim with the appropriate federal agency
> and receive a final denial by that agency before filing a complaint
> in federal court.  *See* 28 U.S.C. § 2675(a).

The Court can raise, *sua sponte*,  the issue of lack of subject matter jurisdiction. *See Daily v. City of Phila.*, 98 F.Supp.2d 634, 636 (E.D. Pa. 2000).

Therefore, Plaintiff was required to have submitted a tort claim with the BOP raising his claims and to have it finally denied before he filed his present Complaint in federal court under the FTCA. We will recommend the dismissal of Plaintiff's action under the FTCA since the evidence is clear that he did not first exhaust his tort claims with the relevant agency, *i.e.*, the BOP. *See Accolla v. U.S. Government*, 369 Fed. Appx.

13

408 (3d Cir. 2010) (finding that the Middle District of Pennsylvania lacked jurisdiction to hear an FTCA claim where the inmate-Plaintiff has not exhausted administrative remedies); *see also McNeil v. U.S.*, 508 U.S. 106 (1993).  As such, we will recommend that Plaintiff's instant FTCA claim be dismissed.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it finds bad faith, undue delay, prejudice, or futility.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).  Accordingly, we will recommend a dismissal with prejudice, as it is now too late for Plaintiff to exhaust with regard to these claims.

## 2.     *Statute of Limitations*

Defendant argues, in the alternative, that Plaintiff's claims are barred by the FTCA statute of limitations.  Again, Plaintiff does not respond to Defendant's contention except to say that "there is no statute of limitations to bar any of Hundley's claims", however he does not provide any evidence to support his response.  (Doc. 17, p. 2).  We concur with Defendant that the FTCA provides that all tort claims against the United States are "forever barred" unless brought within two years "after such claim accrues."  28 U.S.C. § 2401(b).  As Defendant correctly points out, "to have jurisdiction, a plaintiff must satisfy a two-year statute of limitations to file an administrative claim, then another six-month statute of limitations to file a federal lawsuit."  (Doc. 1, p. 10-11).  Defendant's undisputed evidence shows that Plaintiff only filed one administrative tort claim, which

was in relation to a slip and fall on December 10, 2007, almost four and half years prior to the date of his filing on April 20, 2012. (Attach. B).  Furthermore, he did not file a civil action regarding that claim within the ample six month window after the initial grievance response was returned on September 14, 2012.

Based on Plaintiff's Complaint, it is unclear when his claims actually accrued. Plaintiff indicates that he has been housed at FCI-Allenwood for the last several years. Any claims that accrued before that time, therefore, are time barred. In fact, we agree that all claims in the Complaint which occurred prior to April 21, 2010 should be dismissed with prejudice as they are now "forever barred" under the FTCA.  *See Grayson, supra.*

### 3.    *Failure to File Certificate of Merit*

Defendant argues further that Plaintiff's Complaint, to the extent it raises a claim for medical malpractice, should be dismissed since Plaintiff does not have a medical expert and he failed to timely file a COM as required by Pennsylvania law.  As Defendant correctly states, a professional medical malpractice action brought under Pennsylvania law requires a  Certificate of Merit ("COM").  Thus, if Plaintiff's instant claims are construed as questioning the medical judgment of the medical staff at FCI-Allenwood or USP-Canaan, then Plaintiff's Complaint should be considered as a professional  medical malpractice action under state law against Defendant.  As such, Plaintiff was required to file a COM under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1).  A COM is required for a Pennsylvania professional negligence claim raised

in a malpractice action.  *See Velazquez v. UPMC Bedford Memorial Hospital*, 328 F. Supp.2d 549 (W.D. Pa 2004).  The Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule.  *See Hodge v U.S. DOJ,* 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court).

There is no record that Plaintiff filed a COM in this case.  Thus, Defendant argues that since Plaintiff does not have an expert witness to support his claim, since Plaintiff failed to file a COM, and since Plaintiff's claim is a  professional negligence claim, beyond a matter for lay persons,  which asserts that the treatment rendered by the United States for his Morgellons Disease deviated from the acceptable standard of care and caused Plaintiff permanent injury, Plaintiff 's Complaint should be dismissed with prejudice.  Defendant notes that it would be futile for the Court to allow Plaintiff to amend his FTCA claim since he failed to file a COM within 60 days of filing his Complaint as required by Pa.R.C.P. 1042.3.

As discussed below, we find that to the extent Plaintiff's state law medical negligence action against the United States asserts a  professional negligence claim, it should be dismissed since Plaintiff failed to file a COM as required under Pennsylvania law.

Plaintiff was required to file a COM under Pennsylvania law, *i.e.*  Pa.R.Civ.P. 1042.3,  for his medical negligence claim  he asserts under the FTCA against Defendant

United States regarding alleged improper treatment for his Morgellons Disease at FCI-Allenwood if it is considered a professional malpractice claim. *See Hodge v. U.S. Dept. of Justice*, 372 Fed. Appx. 264, 267 (3d Cir. 2010).  Plaintiff does not allege in his Complaint that he filed a COM  before he instituted the present action and there is no record of a COM on the docket.  Also, Plaintiff does not dispute that he has not filed a COM.

We agree with Defendant that the substantive law of Pennsylvania applies with respect to Plaintiff's medical professional liability claims against it. Under Pennsylvania law, "[a] prima facie negligence claim requires the Plaintiff to show that: (1) the Defendant had a duty to conform to a certain standard of conduct; (2) the Defendant breached that duty; (3) such breach caused the injury in question; and (4) the Plaintiff incurred actual loss or damages." *Krentz v. Consol. Rail Corp.*, 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2007).

Initially, Defendant argues that because a professional negligence claim such as the one currently at issue requires expert testimony pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a), it is entitled to a dismissal of Plaintiff's  claim against it because Plaintiff has presented no such testimony, has not filed a COM and, Plaintiff is now precluded from presenting any such testimony and filing a COM.  We agree with Defendant that Plaintiff has raised a medical professional liability claim against it in this action and that Plaintiff 's undisputed failure to timely file a COM is fatal to his action.

There are  four necessary elements of a *prima facie* cause of action for a medical

professional liability claim under Pennsylvania law, namely: (1) that a physician owed a duty to his or her patient; (2) that there was a breach of that duty; (3) that the breach proximately caused, or substantially factored into, harm experienced by the patient; and (4) that the patient's damages directly resulted from the harm. *See Mitzfelt v. Kamrim*, 584 A.2d 888, 892 (Pa. 1990). Defendant correctly states that to prove a medical malpractice cause of action, Plaintiff is required to provide expert  testimony that concludes "to a reasonable degree of certainty" that the physician's challenged conduct deviated from the appropriate medical standards and that this deviation proximately caused the suffered harm. *See Hoffman v. Brandywine Hosp.*, 661 A.2d 397, 399-400 (Pa. Super. Ct. 1995). While expert testimony is not necessary when the physician's conduct so clearly lies within a layperson's comprehension, this kind of situation is rare, and we agree with Defendant United States that this is not the case  in this matter.

Federal courts in Pennsylvania have held that in a medical professional liability suit in the prison context, a fact-finder cannot reasonably find that a prison medical staff member acted negligently without expert opinion demonstrating the requisite deviation from the appropriate medical standards. *See Thomas v. U.S.,* 558 F. Supp.2d 553 (M.D. Pa. 2008).  Specifically, Defendant asserts that Plaintiff's medical malpractice claim should be dismissed because Pennsylvania Rule 1042.3 requires him to file a COM.  In medical malpractice claims, the Court has found that the plaintiff must offer expert medical testimony regarding diagnosis, treatment and causation of his injuries.  *See Niklaus v. Vivadent, Inc.*, 767 F. Supp. 94, 96 (M.D. Pa. 1991).

In *McCool v. Dept. of Corrections*, 984 A.2d 565, 571-72 (Pa. Commw. Ct. 2009) (internal footnotes omitted), the Commonwealth Court of Pennsylvania held:

> "[G]enerally when the complexities of the human body are involved expert testimony is required to aid the jury in reaching conclusions as to the cause of pain or injury." The only time expert testimony will not be required for a medical malpractice claim is where the causal connection between the defendants' allegedly negligent act and the harm suffered by the plaintiff is "generally a matter of common knowledge," rendering the jury "capable through its every day experience and knowledge of comprehending the facts presented and drawing conclusions based on those facts." [*Wareham v. Jeffes*, 564 A.2d 1314, 1321 (Pa. Commw. Ct. 1989)]. Generally, such negligence rises to the level of gross incompetence.
>
> In this case, [the plaintiff's] certificates of merit stated that expert testimony of an appropriate licensed professional was unnecessary to prosecute his claims. He is wrong. [The plaintiff's] ailments, mastocytosis and esophageal dysphagia, are complex and little known diseases. An ordinary layperson would be incapable of deciding whether [the defendant-doctor] had acted negligently without hearing from experts about [the plaintiff's] conditions. Accordingly, [the plaintiff] needed to file a certificate of merit attesting to the fact that a licensed professional had supplied him with a written statement that there exists a reasonable probability that [the plaintiff] was the victim of medical malpractice. PA. R.C.P. No. 1042.3(a)(1). [The plaintiff] did not do so, and the certificates of merit he filed are binding. Because [the plaintiff] could not pursue a claim against [the defendant-doctor] for professional malpractice without expert testimony, his complaint failed to state a claim, even as to [the defendant-doctor].

Even more recently, the District Court, M.D. Pa., found that an inmate bringing a medical malpractice claim against his prison doctor for discontinuing his depression medication required expert medical testimony. *Illes v. Beaven*, Civil No. 1:12-CV-0395, slip op. at *4 (M.D. Pa. July 10, 2012). However, because the inmate had filed a certificate of merit stating that he did not need expert testimony for his claim, he was precluded from presenting the necessary testimony, and the prison doctor was granted summary judgment in his favor. *Id.* Rule 1042.3(a)(3) is unambiguous, absent

exceptional circumstances, a party is bound by its certification and may not introduce expert testimony on the standard of care and causation. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011).

In the present case, we find that Defendant United States correctly maintains that because Plaintiff failed to timely file a COM with respect to his medical malpractice claim, it should be dismissed under PA Rule 1042.3.   We also find that Plaintiff has failed to file a COM confirming that expert testimony is not necessary to support his medical malpractice claim against Defendant, which would preclude him from presenting expert testimony at trial. *See* Note to Pa. R.C.P. 1042.3(a)(3).[4]   Further, we agree with Defendant and find that Plaintiff's underlying issues are well beyond the province of laypersons to decide.   Plaintiff must prove that his alleged injuries were caused by the improper medical care he received at FCI-Allenwood and USP-Canaan from the medical staff.

Accordingly, we will recommend that the Court grant Defendant's Motion to Dismiss and dismiss with prejudice Plaintiff's malpractice claim against Defendant United States, since Plaintiff  failed to file a timely COM.   We agree with Defendant (Doc. 17, p.

---

[4] The Note to Pennsylvania Rule of Civil Procedure 1042.3(a)(3) reads:

*Note:* In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation.

Pa. R.C.P. 1042.3(a)(3).

10, n. 1) that it would be futile to allow Plaintiff to amend his FTCA claim since he did not file a COM within 60 days of filing his Complaint.  *See* Pa.R.C.P. 1042.3; *Grayson*, *supra*.

## VI.    MOTION FOR COMPASSIONATE RELEASE

As noted above, on October 15, 2013, Plaintiff filed a Brief in Support of Request for Compassionate Release and/or Reduction in Sentence.  (Doc. 19).  On November 1, 2013, Defendant filed a Brief in Opposition to Plaintiff's Motion for Compassionate Release.  (Doc. 20).  On November 19, 2013, Plaintiff filed a Traverse.  (Doc. 21).  On February 7, 2014, Plaintiff filed an "Emergency Motion To Extend Time For Filing Due To Intervening Change In Direct Review Appellate Rule, Or Alternate Grant of Nolle Prosequi/Restitution Order Consolidation To July 22, 2013 Tacit Approval of Plaintiff's Request For Compassionate Release/Reduction Of Sentence. (Doc. 21) 18 U.S.C. §3582(c)(1)(A)."  (Doc. 26).

Plaintiff filed the Motion claiming to have terminal medical condition requiring a liver transplant in order to receive the medical care he believes is required which is not covered by Medicaid or Medicare.  (Doc. 19, pp. 3-4). Plaintiff states that his initial request for compassionate release was denied by the Warden on July 22, 2013.  (*Id.*, pp. 4-5).  Plaintiff seems to be requesting this Court to consider his application to file a motion for compassionate release with the sentencing court.   We will recommend that Plaintiff's motion be denied.  Plaintiff must follow Bureau of Prisons ("BOP") policy in order to submit a motion for compassionate release.  *See* BOP Program Statement

5050.49.  The submission is made to the Warden first and "only after review of the request by the Warden, the General Counsel, and either Medical Director for medical referrals or the Assistant Director, Correctional Programs Division for non-medical referrals, and with the approval of the Director, Bureau of Prisons."  *Id.* at 10.  The sentencing court may reduce the inmates minimum sentence to time served only upon motion of the Director of the BOP.  *See* 18 U.S.C. § 4205(g).  It appears that Plaintiff appealed the decision of the Warden to the Northeast Regional Office and the appeal was rejected as untimely on December 27, 2013.  (Doc. 26, p. 8).  Plaintiff must follow BOP policy and the administrative remedy program in order to submit a proper motion for compassionate release.  Thus, we will recommend that Plaintiff's motion be denied.

## VII.   RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Defendant's Motion to Dismiss Plaintiff's Complaint **(Doc. 10)** be **GRANTED** and, that Plaintiff's FTCA claim against Defendant United States be dismissed with prejudice since Plaintiff failed to exhaust his administrative remedies, or in the alternative, because they are time barred. Finally, it is recommended that to the extent Plaintiff raises a claim for medical malpractice, that clam be dismissed with prejudice, as Plaintiff failed to file a COM.

Additionally, it is also recommended that Plaintiff's Motion for Compassionate Release and/or Reduction in Sentence and Plaintiff's Emergency Motion To Extend Time For Filing Due To Intervening Change In Direct Review Appellate Rule, Or Alternate Grant of Nolle Prosequi/Restitution Order Consolidation To July 22, 2013 Tacit Approval of Plaintiff's Request For Compassionate Release/Reduction Of Sentence. (Doc. 21) 18 U.S.C. §3582(c)(1)(A) (**Doc. 26**) be **DENIED**.

 

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 10, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAPHAEL DWIGHT HUNDLEY, | : | CIVIL ACTION NO. **1:CV-13-0750** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 10, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge


Dated: March 10, 2014