IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAPHAEL DWIGHT HUNDLEY**, | : | CIVIL ACTION NO. 1:13-CV-0750 |
| Plaintiff, | : | (Chief Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA**, | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 31st day of March, 2014, upon consideration of the report and recommendation (Doc. 27) of Magistrate Judge Thomas M. Blewitt, recommending the court grant the United States' motion (Doc. 10) to dismiss the *pro se* plaintiff's complaint (Doc. 1), which asserts claims against the United States for deliberate indifference to medical needs and conspiracy pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675 *et seq.*, and further recommending the court deny plaintiff's motion (Doc. 26) for an extension of time in which to move for compassionate release, a reduction in sentence, or a grant of *nolle prosequi*, and, following an independent review of the record, the court in agreement with the magistrate judge that the *pro se* plaintiff's claims against the United States are subject to dismissal for failure to exhaust administrative remedies, a result compelled by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and alternatively because certain of his claims are both time-barred, (see Doc. 27 at 14-15 (citing 28 U.S.C. § 2401(b) and finding that statute of limitations bars those of plaintiff's claims which accrued on or before April 21, 2010)) and procedurally barred for plaintiff's failure to file a certificate of merit, (see id. at 16-21 (citing PA. R. CIV. P. 1042.3(a)(1)), and

the court further agreeing with the magistrate judge that plaintiff's motion (Doc. 26) for compassionate release or sentencing reduction is both administratively and procedurally improper, see 18 U.S.C. § 3582(c) (outlining the limited circumstances in which a court may modify a defendant's sentence), and it further appearing that the plaintiff has failed to object to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 27) is ADOPTED in its entirety.

2. The United States' motion (Doc. 10) to dismiss plaintiff's complaint (Doc. 1) is GRANTED.

3. Plaintiff's complaint (Doc. 1) is DISMISSED with prejudice.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

4. Plaintiff's motion (Doc. 26) for extension of time to file a motion seeking compassionate release or reduction of sentence is DENIED.

5. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania