**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAPHAEL DWIGHT HUNDLEY,** | : | **CIVIL ACTION NO. 1:13-CV-0750** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

AND NOW, this 5th day of June, 2014, upon consideration of the court's order

(Doc. 28) adopting the report and recommendation of Magistrate Judge Thomas M.

Blewitt (Doc. 27), denying *pro se* plaintiff's motion (Doc. 26) for an extension of time to

file a motion for compassionate release or a reduction in sentence as both procedurally

and administratively improper, see 18 U.S.C. § 3582(c) (outlining limited circumstances

in which courts may modify a defendant's sentence), and granting defendants' motion

(Doc. 10) for summary judgment and dismissing plaintiff's complaint (Doc. 1), and

further upon consideration of the court's order (Doc. 31) overruling plaintiff's late-filed

objections (Doc. 30) to the magistrate judge's report and denying as moot plaintiff's

motion (Doc.  29) for separate trial of counterclaim, and it appearing from plaintiff's most

recent filings, which include documents styled as a "motion for reconsideration pursuant

to Rule 60(b) fraud and other misconduct," (Doc. 32), a "motion for separate trial of

counterclaim and advancement of the cause," (Doc. 33) and a motion to alter or amend

judgment pursuant to Federal Rule of Civil Procedure 59(e), (Doc. 36), that plaintiff again

seeks to challenge the court's prior rulings, and the court observing at a threshold matter

that plaintiff  has failed to file briefs in support of any of his motions as required by Local

Rule 7.5, see LOCAL RULE OF COURT 7.5 (if movant fails to file a supporting brief within

fourteen days of filing a motion, movant "shall be deemed to have withdrawn the

motion"), and that plaintiff was admonished of this requirement in the court's standing

practice order for *pro se* cases issued March 22, 2013, (see Doc. 4 at 1 (reiterating Local

Rule 7.5's brief requirement)), and that the motions may properly be deemed to be

withdrawn, (see id.), but the court further observing for the benefit of the parties that

nothing contained in any of plaintiff's most recent filings alters the court's twice

reaffirmed conclusion that the *pro se* plaintiff has failed to exhaust his administrative

remedies subjecting his claims to dismissal, see 42 U.S.C. 1997e(a) ("No action shall be

brought with respect to prison conditions under . . . [42 U.S.C. § 1983] or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted."), and alternatively that

certain of plaintiff's claims are both time-barred, (see Doc. 27 at 14-15 (citing 28 U.S.C. §

2401(b) and finding that statute of limitations bars those of plaintiff's claims that accrued

on or before April 21, 2010)), and procedurally barred for plaintiff's failure to file a

certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3(a)(1),

(see id. at 16-21 (citing PA. R. CIV. P. 1042.3(a)(1))), and that plaintiff has thus not satisfied

the exacting requirements for reconsideration pursuant to Federal Rule 59(e), see Max's

Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999) (motion under Rule 59(e)

should only be granted if the court finds "(1) an intervening change in the controlling

law; (2) the availability of new evidence that was not available when the court granted

the [initial] motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice"),  and the court consequently finding the motions to be both violative

of the Local Rules and substantively meritless, and again affirming its orders of March

31, 2014, and April 15, 2014, (Docs. 28, 31), it is hereby ORDERED that:

1.    Plaintiff's motion (Doc. 32) for reconsideration, motion (Doc. 33) for separate trial of counterclaim and advancement of the cause, and motion (Doc. 36) to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) are DENIED in their entireties.

2.    This case remains CLOSED.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania